2007 WY 119

**In Regard to the Property in the Custody of the Gillette Police Department; Namely, 330 Pieces of Drug Paraphernalia (Jeffrey Wayne Doles, d/b/a Hip Hop Hippies):**

**Jeffrey Wayne DOLES, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–07–0002.**

Supreme Court of Wyoming.

July 31, 2007.

Representing Appellant: Nicholas H. Carter of Carter Law Office, P.C., Gillette, Wyoming.

Representing Appellee: Patrick J. Crank, Attorney General; Terry L. Armitage, Deputy Attorney General; and David L. Delicath, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] This is an appeal from a district court's order of forfeiture, in which order the district court found certain items to be "drug paraphernalia" as defined by statute and ordered their forfeiture to the State of Wyoming. The single issue is whether the appellant's acquittal on related criminal charges acts collaterally to estop the State from pursuing forfeiture. We conclude that it does not, and we, therefore, affirm the district court.

## FACTS

The appellant operated a business in Gillette, Wyoming, known as "Hip Hop Hippies." After authorities obtained and executed a search warrant at the business, the appellant was arrested and charged with three misdemeanor offenses: one count of delivery of drug paraphernalia, and two counts of possession with intent to deliver drug paraphernalia. A jury acquitted the appellant on all three charges. Nevertheless, the State later initiated this civil *in rem* proceeding, seeking statutory forfeiture of 330 items seized from Hip Hop Hippies.

The appellant's motion to dismiss the forfeiture proceedings on the ground that the acquittals collaterally estopped the State from pursuing forfeiture was denied by the district court. After an evidentiary hearing, the district court found the seized items to be drug paraphernalia and ordered them forfeited to the State. This appeal followed.

## STANDARD OF REVIEW

[¶ 4] We review *de novo* a district court's application of, or refusal to apply, the doctrine of collateral estoppel because such is a question of law. *Wilson v. Lucerne Canal & Power Co.*, 2007 WY 10, ¶ 23, 150 P.3d 653, 662 (Wyo.2007).

## DISCUSSION

[¶ 5] All three criminal charges against the appellant were based upon Wyo. Stat. Ann. § 35-7-1056 (LexisNexis 2007), which provides in pertinent part that "[i]t is unlawful for any person to deliver, or possess with intent to deliver, drug paraphernalia...." Wyo. Stat. Ann. § 35-7-1049 (LexisNexis 2007) further provides that drug paraphernalia is subject to forfeiture. "Drug paraphernalia" is defined in Wyo. Stat. Ann. § 35-7-1002(a)(xxvii)(LexisNexis 2007) as follows:

(xxvii) "Drug paraphernalia" means all equipment, products and materials of any kind when used, advertised for use, intended for use or designed for use for manufacturing, converting, preparing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act [...].

[¶ 6] The appellant contends that his acquittal on the criminal charges collaterally estops the State from pursuing this forfeiture action. Collateral estoppel bars the relitigation of issues where:

1. The issue decided in the prior adjudication was identical with the issue presented in the present action.

2. The prior adjudication resulted in a judgment on the merits.

3. The party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication;

4. The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*Wilson*, ¶ 22, 150 P.3d at 662.

The seminal case in this area of the law, and the case upon which the appellant relies most heavily, is *Coffey v. United States*, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886). In a criminal proceeding, Coffey was acquitted of possessing certain distilling equipment and distilled spirits with the intent to defraud the United States by evading applicable tax laws. *Id.*, 116 U.S. at 441, 6

S.Ct. at 439. Coffey lost a subsequent civil forfeiture action, however, and the property was ordered forfeited to the government. *Id.* The order of forfeiture was reversed on appeal. While not relying directly upon the equitable doctrine of collateral estoppel, the United States Supreme Court declared that the acquittals in the criminal case barred the government from pursuing civil forfeiture:

The principal question is as to the effect of the indictment, trial, verdict, and judgment of acquittal set up in the fourth paragraph of the answer. The information is founded on sections 3257, 3450, and 3453; and there is no question, on the averments in the answer, that the fraudulent acts and attempts and intents to defraud, alleged in the prior criminal information, and covered by the verdict and judgment of acquittal, embraced all of the acts, attempts, and intents averred in the information in this suit. The question, therefore, is distinctly presented, whether such judgment of acquittal is a bar to this suit. We are of [the] opinion that it is. It is true that section 3257, after denouncing the single act of a distiller defrauding, or attempting to defraud the United States of the tax on the spirits distilled by him, declares the consequences of the commission of the act to be (1) that certain specific property shall be forfeited; and (2) that the offender shall be fined and imprisoned. It is also true that the proceedings to enforce the forfeiture against the *res* named must be a proceeding *in rem* and a civil action, while that to enforce the fine and imprisonment must be a criminal proceeding, as was held by this court in *the Palmyra,* 12 Wheat. 1, 14, 6 L.Ed. 531. Yet where an issue raised, as to the existence of the act or fact denounced, has been tried in a criminal proceeding instituted by the United States, and a judgment of acquittal has been rendered in favor of a particular person, that judgment is conclusive in favor of such person on the subsequent trial of a suit *in rem* by the United States where, as against him, the existence of the same act or fact is the matter in issue as a cause for the forfeiture of the property prosecuted in such suit *in rem.* It is urged as a reason for not allowing such effect to the judgment that the acquittal in the criminal case may have taken place because of the rule requiring guilt to be proved beyond a reasonable doubt, and that, on the same evidence, on the question of preponderance of proof, there might be a verdict for the United States in the suit *in rem.* Nevertheless, the fact or act has been put in issue and determined against the United States; and all that is imposed by the statute, as a consequence of guilt, is a punishment therefor. There could be no new trial of the criminal prosecution after the acquittal in it; and a subsequent trial of the civil suit amounts to substantially the same thing, with a difference only in the consequences following a judgment adverse to the claimant. When an acquittal in a criminal prosecution in behalf of the government is pleaded or offered in evidence by the same defendant, in an action against him by an individual, the rule does not apply, for the reason that the parties are not the same; and often for the additional reason that a certain intent must be proved to support the indictment, which need not be proved to support the civil action. But upon this record, as we have already seen, the parties and the matter in issue are the same.

*Id.,* 116 U.S. at 442–43, 6 S.Ct. at 440–41.

 Citing the following cases, the appellant contends that the holding of *Coffey* endures: *Lowther v. United States,* 480 F.2d 1031, 1034 (10th Cir.1973) (acquittal on charge of firearms possession bars forfeiture action where the firearms were not illegal *per se* ); *United States v. One 1956 Ford Fairlane Tudor Sedan,* 272 F.2d 704, 704–05 (10th Cir.1959) (acquittal on charge of transporting sugar intended for use in unlawful manufacture of distilled spirits barred forfeiture proceedings); *Bramble v. Kleindienst,* 357 F.Supp. 1025, 1028 (D.Colo.1973) (deferred prosecution arguably the equivalent of an acquittal in legal effect, therefore barring subsequent forfeiture proceeding); *United States v. 86.9 Cases,* 337 F.Supp. 1355, 1356 (S.D.Fla.1971) (acquittal on charge of failure to pay taxes on certain liquor barred subsequent forfeiture action, *Coffey* never having

been overruled); *United States v. One De Soto Sedan*, 85 F.Supp. 245, 245–48 (D.N.C. 1949), *aff'd*, 180 F.2d 583 (4th Cir.N.C.1950) (acquittal on charge of possession of distilled spirits upon which taxes had not been paid barred government from pursuing forfeiture of automobile in which the distilled spirits allegedly had been concealed, inasmuch as "the *Coffey* case has not been overruled.").

[¶ 9] The one Wyoming case in which the doctrine of collateral estoppel was applied to forfeiture proceedings after a criminal action is *State v. Eleven Thousand Three Hundred Forty–Six Dollars & No Cents in United States Currency*, 777 P.2d 65 (Wyo.1989). The particular facts of that case limit its precedential value in answering the question of the effect of a criminal case acquittal upon a subsequent civil forfeiture. The facts were these: After a drug investigation, a large sum of money was seized from Terry Jaeger and he was arrested for and charged with conspiracy to deliver a controlled substance. *Id.* at 66. He filed a motion to suppress in which he challenged the probable cause for both the search and seizure, and the arrest. That motion was granted. *Id.* In the civil forfeiture proceeding that followed, Jaeger filed a motion for summary judgment based upon the premise that, it already having been judicially determined that probable cause did not exist to seize the money as controlled substance proceeds, the State was collaterally estopped from arguing under the forfeiture statute that probable cause existed to find that the money was used or intended to be used in violation of the controlled substance act. *Id.* at 66–68. That motion was granted and the State appealed. In affirming the summary judgment, this Court carefully limited its opinion as to the extent of the effect of collateral estoppel. We held that the State was barred from relitigating the issue of whether the law enforcement officers had probable cause at the time of the seizure and arrest, but that the State was not barred from attempting to prove, under another subsection of the forfeiture statute, that the State Board of Pharmacy or the Attorney General otherwise had probable

cause to believe that Jaeger's money was traceable to violations of the controlled substances act. *Id.* at 68. Thus, the case did not involve the direct issue of the effect of an acquittal upon a forfeiture action.[1]

[¶ 10] Primarily, the State counters the appellant's arguments by noting that *Coffey* has, indeed, been overruled and is no longer the law of the land. In *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361, 104 S.Ct. 1099, 1104, 79 L.Ed.2d 361 (1984), *overruled in part as stated in Ferguson v. United States*, 911 F.Supp. 424 (C.D.Cal.1995), the United States Supreme Court said the following about *Coffey*:

> In focusing on *Coffey v. United States*, the Court of Appeals appears to have overlooked the significance of [*Helvering v.*] *Mitchell* [, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938) ] and *One Lot Emerald Cut Stones* [ *& One Ring v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972) ]. At the very least, *Mitchell* signaled that an acquittal of a criminal charge does not automatically bar an action to enforce sanctions by way of forfeiture of goods or other civil penalties. Whatever the validity of *Coffey* on its facts, its ambiguous reasoning seems to have been a source of confusion for some time. As long ago as *Mitchell*, this Court was urged to disapprove *Coffey* so as to make clear that an acquittal in a criminal trial does not bar a civil action for forfeiture even though based on the identical facts. Indeed, for nearly a century, the analytical underpinnings of *Coffey* have been recognized as less than adequate. The time has come to clarify that neither collateral estoppel nor double jeopardy bars a civil, remedial forfeiture proceeding initiated following an acquittal on related criminal charges. To the extent that *Coffey v. United States* suggests otherwise, it is hereby disapproved.

(Internal footnote omitted.) *See also Payne v. Tennessee*, 501 U.S. 808, 828, 111 S.Ct. 2597, 2610, 115 L.Ed.2d 720 (1991).

---

1. For a similar case cited by the appellant, *see State ex rel. Edmondson v. Two Hundred Thousand Four Hundred Ninety Dollars & No Cents in*

*United States Currency*, 39 P.3d 160 (Okla.Civ. App.2001).

[¶ 11] Even before *89 Firearms,* in *Helvering v. Mitchell,* 303 U.S. 391, 397, 58 S.Ct. 630, 632, 82 L.Ed. 917 (1938), the Supreme Court determined that *Coffey* did not apply to estop the government from pursuing a tax deficiency after an acquittal on related criminal charges because the recovery action required a different burden of proof. Specifically, the Court said the following:

> The acquittal was merely an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused. It did not determine that Mitchell had not willfully attempted to evade the tax. That acquittal on a criminal charge is not a bar to a civil action by the Government, remedial in its nature, arising out of the same facts on which the criminal proceeding was based has long been settled.

*Id.* (Internal quotation marks and citations omitted.)

[¶ 12] *Helvering* was reaffirmed in *One Lot Emerald Cut Stones & One Ring v. United States,* 409 U.S. 232, 235, 93 S.Ct. 489, 492, 34 L.Ed.2d 438 (1972), where the Supreme Court found that the differences in the burden of proof precluded application of the doctrine of collateral estoppel to bar the government from pursuing civil forfeiture where the defendant/claimant had been acquitted of smuggling in a previous criminal action. Similar reasoning obtained a similar result in *89 Firearms,* 465 U.S. at 361–62, 104 S.Ct. at 1104, where acquittal on a charge of dealing firearms without a license did not bar the government from seeking civil forfeiture of the same firearms, because "the difference in the relative burdens of proof in the criminal and civil actions precludes the application of the doctrine of collateral estoppel."

[¶ 13] We accept and adopt the reasoning of *89 Firearms, One Lot Emerald,* and *Helvering.* A general verdict of not guilty in a criminal case simply does not answer the same question asked in a civil forfeiture action under Wyo. Stat. Ann. § 35–7–1049. Because the jury returned a general verdict of not guilty on the three charges in the present case, we do not know what element of the crimes it found unproven beyond a reasonable doubt, and therefore, we do not know whether the jury determined that the seized items were not drug paraphernalia. *See United States v. Watts,* 519 U.S. 148, 155, 117 S.Ct. 633, 637, 136 L.Ed.2d 554 (1997) ("the jury cannot be said to have 'necessarily rejected' any facts when it returns a general verdict of not guilty."); *89 Firearms,* 465 U.S. at 361, 104 S.Ct. at 1104 ("acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt.").[2]

## CONCLUSION

[¶ 14] The district court correctly determined that the acquittal of the appellant in the criminal case that preceded this forfeiture proceeding did not collaterally estop the State from pursuing forfeiture.

[¶ 15] Affirmed.

---

**2.** We acknowledge that *89 Firearms* has, in turn, been overruled in part. In *United States v. Halper,* 490 U.S. 435, 446–49, 109 S.Ct. 1892, 1900–02, 104 L.Ed.2d 487 (1989), the Supreme Court held that a civil forfeiture that is grossly disproportionate to the criminal violation may, under double jeopardy analysis, be considered punitive rather than remedial, and may violate an appellant's constitutional rights in that regard. The appellant in the instant case has not presented a double jeopardy claim and, in any event, we find that the forfeiture of drug paraphernalia does not resemble the facts of *Halper,* when a false claim totalling $585.00 resulted in a civil penalty of $130,000.00. *Id.,* 490 U.S. at 437–38, 109 S.Ct. at 1896. *See also Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (civil forfeiture may also violate Eighth Amendment's excessive fines clause). *But see Hudson v. United States,* 522 U.S. 93, 101–02, 118 S.Ct. 488, 493–94, 139 L.Ed.2d 450 (1997), where much of *Halper's* reasoning is disavowed because the double jeopardy clause does not apply to civil actions, and because *Halper* abandoned traditional standards of double jeopardy analysis.