FILED
United States Court of Appeals
Tenth Circuit

June 24, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFFREY WAYNE DOLES,

Defendant - Appellant.

No. 08-8065
(D.Ct. No. 2:07-CR-00132-CAB-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

Defendant-Appellant Jeffrey Wayne Doles appeals his convictions on three

counts of knowingly and unlawfully selling or offering for sale drug

paraphernalia, in violation of 21 U.S.C. § 863(a)(1) and (b). We have jurisdiction

under 28 U.S.C. § 1291, and we AFFIRM.

**I. BACKGROUND**

Mr. Doles operated a store called "Hip Hop Hippies" in Gillette, Wyoming.

On August 10, 2005, local police officers obtained a search warrant and

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

confiscated approximately 176 pipes and other items that they considered to be drug paraphernalia. Although the officers warned Mr. Doles not to continue selling similar items, on August 12 he reopened his store and was arrested. He was charged with three misdemeanor counts of delivering or possessing drug paraphernalia, all in violation of Wyo. Stat. Ann. § 35-7-1056. He was acquitted after a jury trial.

Thereafter, Mr. Doles reopened Hip Hop Hippies in Gillette and opened a new store in Casper, Wyoming. In July 2006, law enforcement officers seized items from the Casper store. That September, officers seized items from the Gillette store.

Mr. Doles was ultimately charged under federal law with three counts of knowingly and unlawfully selling or offering for sale drug paraphernalia, in violation of 21 U.S.C. § 863(a)(1) and (b). At trial, Mr. Doles's counsel asserted that the items sold at Mr. Doles's stores were to be used primarily with legal products such as tobacco and medicinal herbs. The jury convicted Mr. Doles on all three counts. On appeal, he raises four arguments regarding the district court's evidentiary rulings.

## II. DISCUSSION

A.    Standard of Review

We review evidentiary rulings for abuse of discretion. *United States v. Curtis*, 344 F.3d 1057, 1067 (10th Cir. 2003). Under this standard, we "will not

disturb an evidentiary ruling absent a distinct showing that it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error in judgment." *United States v. Jenkins*, 313 F.3d 549, 559 (10th Cir. 2002).

B.      Prior Acquittal on Similar Charges

The district court did not abuse its discretion in excluding evidence about Mr. Doles's acquittal on similar charges in state court.  The district court excluded the evidence because it was irrelevant, and because its probative value was substantially outweighed by prejudice to the government and confusion of the issues.  *See* Fed. R. Evid. 401, 403.  Mr. Doles contends that his state-court acquittal demonstrates that he did not have the necessary mens rea to commit the federal crimes.  Specifically, he argues that the acquittal led him to believe that he was not selling drug paraphernalia.  Under 21 U.S.C. § 863(a), "the Government must establish that the defendant knew that the items at issue are likely to be used with illegal drugs." *Posters 'N' Things, Ltd. v. United States*, 511 U.S. 513, 524 (1994).[1]

The district court made the correct determination under Rule 403 of the Federal Rules of Evidence.  First, the evidence had little probative value.

[1]*Posters 'N' Things* was decided under 21 U.S.C. § 857, which has been repealed and replaced by 21 U.S.C. § 863. *See Posters 'N' Things*, 511 U.S. at 516 n.5.  The statutes are identical except for their description of the offense. *Id.* Both versions forbid selling or offering to sell drug paraphernalia. *See id.* at 516 & n.5.

- 3 -

Although the state-court acquittals may have given Mr. Doles a belief about the legality of selling those items, the test under *Posters 'N' Things* focuses not on whether he knew that the items were drug paraphernalia under the law but on whether he knew that the items were "likely to be used with illegal drugs." *Id.* The state-court acquittal had no bearing on Mr. Doles's belief about the likely use of the items that he sold.

In addition, the risk of confusion of the issues was high. The federal jury could only speculate as to why Mr. Doles was acquitted on state charges because the state jury used a general verdict form. *See Doles v. State*, 163 P.3d 819, 823 (Wyo. 2007) (holding that collateral estoppel did not apply to a forfeiture proceeding against Mr. Doles because "we do not know whether the jury determined that the seized items were not drug paraphernalia"). In addition to disallowing the evidence of Mr. Doles's acquittal, the court did not allow evidence of a forfeiture proceeding in which a state court found that the very same items *were* drug paraphernalia. *See id.* at 820. If presented with conflicting verdicts from state court, the jury likely would have been confused and distracted from the issues of the federal case. The district court thus did not abuse its discretion in excluding the evidence.

C.    Advice of Counsel

The district court also did not abuse its discretion by refusing to allow testimony about a conversation Mr. Doles allegedly had with Sergeant Andy

Boisvert of the Gillette Police Department. During cross-examination of Sergeant Boisvert, Mr. Doles's counsel sought to have Sergeant Boisvert testify about a comment Mr. Doles had made to him. Mr. Doles allegedly told Sergeant Boisvert that Mr. Doles's attorney had advised him that he could legally operate his store. Mr. Doles asserts that his purpose in presenting the statement was to show that he (1) had a good faith belief that he had committed no crime; and (2) did not know that what he was selling was drug paraphernalia.

"The advice of counsel defense is only applicable where it may negate willful violation of the law." *United States v. Ragsdale*, 426 F.3d 765 (5th Cir. 2005). *Posters 'N' Things* established, however, that a defendant's subjective belief as to the legality of the materials that he was selling is immaterial to any of the elements necessary to make out a violation under § 863. Rather, the government need only show that a defendant possesses a knowledge of whether the materials "are likely to be used with illegal drugs." *Posters 'N' Things*, 511 U.S. at 524. *Cf. United States v. Hamling*, 418 U.S. 87 (1974) (statute prohibiting mailing of obscene materials does not require proof that defendant knew the materials at issue met the legal definition of obscenity, only that he knew of its contents, and that its contents were lewd as a matter of law). When a criminal statute "does not require an intent to violate the law, [a defendant can] not assert as a defense that he relied on counsel that the materials were not illegal." *Ragsdale*, 426 F.3d at 778. Thus, it was proper to exclude Mr. Doles's advice of

counsel defense. *See id.*, 426 F.3d at 777–78 (rejecting argument that lawyer's comments were non-hearsay because introduced to show state of mind, on ground that this was irrelevant to making out an "advice of counsel" defense).

D.      Reference to "4-20"

The district court did not abuse its discretion in allowing Sergeant Boisvert to testify that he had heard Mr. Doles answer the phone at Hip Hop Hippies with the greeting "4-20." Sergeant Boisvert further testified that, based on his experience in law enforcement and with investigating narcotics offenses, the greeting "4-20" is a way for marijuana smokers to identify themselves to each other.

Mr. Doles argues that Sergeant Boisvert's testimony was unduly prejudicial under Rule 403 and constituted impermissible character evidence under Rule 404. We disagree. To begin, the testimony is not evidence of Mr. Doles's character. Character evidence under Rule 404(b) is extrinsic evidence, meaning evidence that "involves an act wholly apart from and not intricately related to the asserted claim." *Elliot v. Turner Constr. Co.*, 381 F.3d 995, 1004 (10th Cir. 2004). Evidence that Mr. Doles answered the phone with "4-20" is not extrinsic to the charges against him. That evidence is relevant to whether Mr. Doles knew that the pipes sold at Hip Hop Hippies were likely to be used to smoke marijuana, which undercuts Mr. Doles's claim that they were used primarily with legal products. In addition, the probative value of the testimony is not substantially

outweighed by any prejudice to Mr. Doles. While the evidence was to some degree prejudicial against Mr. Doles, the evidence also was probative of Mr. Doles's knowledge about the use of the items in his store. The district court thus did not abuse its discretion in allowing the evidence.

E.     Evidence Seized From Store Employee

The district court was also within its discretion in allowing evidence that a Hip Hop Hippies employee possessed a grinder containing marijuana. The government put forth testimony describing this discovery, as well as testimony that the grinder was identical to grinders sold at the store. On appeal, Mr. Doles argues that this evidence was improper character evidence and improper evidence of prior bad acts under Rule 404. We disagree. As with the "4-20" evidence, evidence of the grinder tended to establish that Mr. Doles knew that the items at issue were likely to be used to ingest or smoke marijuana. Thus, it was not "extrinsic evidence" and cannot be defined as character evidence. In addition, even if the act of another person could be described as "other act evidence" under Rule 404(b), "other act evidence" is permissible if it "is relevant and tends to prove a material fact other than the defendant's criminal disposition . . . ." *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009) (quotations omitted). This evidence was relevant to Mr. Doles's knowledge about the use of the products sold in his store. The district court therefore did not abuse its discretion by allowing the evidence.

### III. CONCLUSION

Mr. Doles's convictions are AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge