FILED
United States Court of Appeals
Tenth Circuit

December 30, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JEFFERY WAYNE DOLES,

Defendant-Appellant.

No. 10-8096
(D.C. No. 2:09-CR-00129-ABJ-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **SEYMOUR** and **EBEL**, Circuit Judges.

Mr. Jeffery Doles appeals his conviction after a jury trial of failing to

report for the execution of a criminal sentence in violation of 18 U.S.C.

§§ 3146(a)(2) and (b)(A)(iii).  Mr. Doles had been previously convicted for

knowingly and unlawfully selling drug paraphernalia.  He was given a voluntary

surrender date but he fled to Mexico instead of reporting to the Bureau of Prisons,

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

leading to his conviction in this case. We affirm.

Mr. Doles first contends the district court improperly excluded evidence that would have been material to an affirmative defense of medical necessity for failing to report. The medical issues arose out of a 1996 car accident in which Mr. Doles was seriously injured. As a result, he is paralyzed from the chest down and takes numerous medications for pain and discomfort. Mr. Doles claims the following excluded evidence would have supported a necessity defense: (1) evidence about his physical condition, (2) evidence about his state of mind concerning his physical condition, (3) and evidence about his fears of receiving inadequate care in prison. "We review the district court's decision to admit or exclude evidence for an abuse of discretion." *United States v. Lopez-Medina*, 596 F.3d 716, 737 (10th Cir. 2010) (internal quotation marks omitted).

Mr. Doles's argument assumes that a federal common law defense of necessity exists. "'Even though the Supreme Court has called it 'an open question whether federal courts ever have authority to recognize a necessity defense not provided by statute,' . . . this Court has recognized a common law defense of necessity." *United States v. Patton*, 451 F.3d 615, 637 (10th Cir. 2006) (quoting *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 490 (2001)). We will therefore assume that a federal necessity defense exists. *See id.* at 638.

We have recognized three "traditional common law requirements of the

-2-

necessity defense: (1) there is no legal alternative to violating the law, (2) the harm to be prevented is imminent, and (3) a direct, causal relationship is reasonably anticipated to exist between the defendant's action and the avoidance of harm." *Id.* (internal quotation marks omitted). The imminent harm that the defendant sought to prevent must have involved a "real risk of death or serious bodily injury." *United States v. Al-Rekabi*, 454 F.3d 1113, 1125 (10th Cir. 2006).

"A criminal defendant is entitled to an instruction on his theory of defense provided that theory is supported by some evidence and the law." *Id.* at 1121 (internal quotation marks omitted). "For the purposes of determining the sufficiency of the evidence to raise the jury issue, the testimony most favorable to the defendant should be accepted." *Id.* (internal quotation marks omitted). But the "defendant must produce evidence of each element [of the necessity defense] sufficient to warrant its consideration by the jury." *Id.* at 1122.

It is clear from the record that Mr. Doles did not, and could not have, proffered sufficient evidence to establish the second element of his medical necessity defense – the requirement of showing imminent harm. The district court presiding over the underlying conviction for which Mr. Doles was required to report to prison held several hearings because the court was concerned with whether Mr. Doles's physical condition could be adequately addressed in prison. In the interim, the court granted Mr. Doles's request for bond so he could remain in the care of his private physicians. At a hearing held on November 24, 2008,

the court informed Mr. Doles that he would be designated to serve his sentence at the Federal Medical Center in Rochester, Minnesota, where he would receive excellent medical care from the Mayo Clinic.[1]  In so doing, the court relied on a letter from the Bureau of Prisons acknowledging Mr. Doles's serious medical issues and stating the Bureau would be able to provide the care he required.

Based on this information, the court told Mr. Doles there was no longer an issue regarding danger to his health pending appeal.  Accordingly, the court denied Mr. Doles's request for continuation of bail pending appeal.  But it agreed that Mr. Doles could remain on bail until he was required to report to the Bureau of Prisons in Rochester on December 15.  The court did so based on Mr. Doles's assurance that he could get himself to Rochester by the set date.

Given this record, it is clear that Mr. Doles was not faced with an imminent harm involving a "real risk of death or serious bodily injury" when he chose not to report to prison.  *Al-Rekabi*, 454 F.3d at 1125.  Consequently, he was not entitled to raise a defense of medical necessity.  *See id.* at 1121.  In the absence of this affirmative defense, the evidence Mr. Doles sought to introduce was irrelevant to the case and the district court did not abuse its discretion in excluding it.

Mr. Doles also contends the district court committed reversible error when

---

[1] We grant the government's motion to supplement the record with a transcript of the November 24, 2008 hearing.

it refused to give a separate instruction on the affirmative defense of good faith. The first instruction proposed by Mr. Doles defined the word "willfully" as meaning that "the defendant committed the act voluntarily and with the purposes of violating the law, and not by mistake, accident, or in good faith." Aplt. Br. at 7. The court thought this instruction was vague and subject to misunderstanding. Instead the court gave the following instruction: "The term 'willfully' means the defendant committed the act voluntarily and with the purpose of violating a known legal duty." Rec., vol. I at 284. The second instruction Mr. Doles proposed stated:

> Defendant Doles, moreover, contends that he is not guilty of the crime charged because he believed that in Good Faith that the [sic] did not have to appear to Surrender because of a Good Faith belief that he was not obligated to because he was improperly and illegally tried.

Aplt. Br. at 7 (alteration in original). In refusing this instruction, the district court said that it was misleading, and that if this kind of defense had general application it would mean that "no one would have to appear to serve their sentence once they appealed." Rec., vol. III at 375.

In support of his good faith defense, Mr. Doles provided a lengthy offer of proof at trial, stating he believed that his underlying federal conviction was illegal, he could not adequately challenge his conviction within the legal system, and his only chance was to leave the country so that he could make a documentary film through which he could point out the illegality of his conviction

-5-

to the public. The district court precluded most of this evidence as irrelevant except for Mr. Doles's statement that he chose not to report to Rochester because he disagreed with what had happened to him in the prosecution of the underlying criminal action. However, the district court subsequently allowed Mr. Doles to testify that he went to Mexico because he thought his conviction for selling drug paraphernalia was illegal, he made a documentary about the illegality of his conviction, and he believed he acted in good faith when he went to Mexico because he thought his action was justified.

As we have noted, "[a] criminal defendant is entitled to an instruction on his theory of defense provided that theory is supported by some evidence and the law." *Al-Rekabi*, 454 F.3d at 1121 (internal quotation marks omitted). "We respect the trial judge's role as gatekeeper, reviewing such decisions for an abuse of discretion." *Id.* at 1123. "As a general rule . . . ignorance of the law is no excuse—one is guilty of the crime if she intends to engage in the conduct that is prohibited by the criminal statute." *United States v. Platte*, 401 F.3d 1176, 1183-84 (10th Cir. 2005); *see also* 1 Wayne R. LaFave, *Substantive Criminal Law* § 5.6(a) at 395, § 5.6(d) at 406-07 (2d ed. 2003). The crime of failure to report required the jury to find that Mr. Doles was convicted of a crime and sentenced to prison, that he was released on bond on condition that he surrender on December 15, 2008, at the Bureau of Prisons' Federal Medical Center in Rochester, Minnesota, and that he thereafter willfully failed to surrender.

Mr. Doles was not entitled to a good faith defense instruction because he did not demonstrate how his belief in the illegality of his underlying federal conviction negated his willful and voluntary decision not to report to the Bureau of Prisons as ordered. As we held in *Platte*, where defendants argued their actions were legally justified due to their belief that missile site operations violated international law, the district court did not err in refusing to give a good faith instruction because the defendants did not show how their beliefs negated the fact "that they willfully injured national-defense materials (or premises) or acted with intent to interfere with national defense." *Id.* at 1185. Mr. Doles was obligated to raise issues regarding the legality of his conviction in his direct appeal. His belief that he had been illegally convicted did not excuse him from reporting to serve his sentence.

Because Mr. Doles was not entitled to a good faith defense instruction, the district court did not abuse its discretion when it excluded the evidence which Mr. Doles argued was material to this defense. In the absence of this affirmative defense, the evidence was irrelevant to this case. *Cf. United States v. Doles*, 335 F. App'x 736, 738-39 (10th Cir. 2009) (unpublished) (explaining in Mr. Doles's direct appeal that the district court "did not abuse its discretion in excluding evidence about Mr. Doles's acquittal on similar charges in state court," even though Mr. Doles "contend[ed] that his state-court acquittal demonstrate[d] that he did not have the necessary mens rea to commit the federal crimes").

Finally, Mr. Doles contends the district court committed reversible error when it denied his motion for a mistrial based on jury misconduct during jury deliberations without investigating the circumstances that led to his motion. The events leading up to Mr. Doles's motion were as follows. The jury was dismissed to begin its deliberations at 10:29 a.m. About an hour later, the jury asked whether it could view transcripts of Mr. Doles's testimony. While the district court was discussing the jury's request with the parties, the jurors indicated they wanted to go to lunch. The district court told the courtroom deputy to dismiss the jury for lunch. Thereafter, the court decided to deny the jury's request for the transcript and instead to instruct them to rely on their memories of Mr. Doles's testimony. When the court reconvened at 2:32 p.m., it informed the parties the jury had reached a verdict without receiving the answer to its request, which had not been delivered to them. After the jury returned a guilty verdict, Mr. Doles's attorney moved for a mistrial, pointing out that while the jury had asked whether it could view transcripts of Mr. Doles's testimony, "before the question was answered the jury came back with a verdict." Aplt. Br. at 9. In his motion, he asserted that Mr. Doles's constitutional right to due process had been violated. The motion was denied.

On appeal, Mr. Doles contends the court should have questioned the jurors to determine whether improper deliberations had taken place outside of the jury room before denying Mr. Doles's motion for a mistrial. Indeed, Mr. Doles

-8-

contends the district court should have presumed that improper deliberations were likely, given that the jurors seemingly needed a response to their request for Mr. Doles's transcripts in order to continue deliberations. This presumption, he argues, could only be rebutted by questioning the jurors to ensure no misconduct had occurred.

We ordinarily review for abuse of discretion the denial of a motion for mistrial based on juror misconduct. *United States v. Lawrence*, 405 F.3d 888, 903 (10th Cir. 2005). Because Mr. Doles did not specifically argue below that his motion for a mistrial was based on juror misconduct, however, the parties agree that we review the denial for plain error. *See* Fed. R. Crim. P. 52(b). To establish plain error, Mr. Doles "must demonstrate the district court (1) committed error, (2) the error was plain, and (3) the plain error affected his substantial rights." *United States v. Cordery*, 656 F.3d 1103, 1105 (10th Cir. 2011). "If these factors are met, we may exercise discretion to correct the error if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* In this case, we find no error that can reasonably be described as plain.

"Absent evidence to the contrary, it is presumed that juries follow the trial court's instructions." *United States v. Santiago*, 977 F.2d 517, 520 (10th Cir. 1992). After closing arguments and just before jury deliberations began, the district court instructed the jury to confine its deliberations to the jury room and

specifically not to discuss the case on breaks or during lunch. In light of this clear instruction not to deliberate outside of the jury room, it was not plain error for the district court to assume the jurors did not do so during lunch. Moreover, it was not unreasonable for the district court to conclude in this uncomplicated case that the jury was able to resolve its deliberations without reviewing the transcript it had requested.

For the foregoing reasons, we **AFFIRM**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge