FOX, Justice.
[¶1] Chester L. Bird is serving a sentence of life according to law for crimes he committed in the 1990s. Mr. Bird filed a pro se complaint under the Declaratory Judgment Act, alleging that the Wyoming Department of Corrections (WDOC) violated various policies and procedures during disciplinary proceedings brought against him. The district court dismissed Mr. Bird's complaint, and we affirm.
ISSUES
[¶2] Mr. Bird raises two issues that we reorder and rephrase:
1. Was it proper for the district court to base its dismissal of Mr. Bird's complaint on standing, when the WDOC only raised standing in its reply brief?
*853 2. Do collateral estoppel and res judicata bar Mr. Bird's claims that procedural violations occurred during his disciplinary proceedings?
FACTS
[¶3] Mr. Bird has been in the custody of the WDOC since 1994. In September 2016, he was convicted of three major conduct violations resulting from his participation in a pornographic video distribution scheme. He was sentenced to 60 days in disciplinary segregation, among other punishments. Mr. Bird filed a petition for a writ of habeas corpus in the United States District Court for the District of Wyoming, naming WDOC warden Michael Pacheco and the Wyoming Attorney General as respondents. He alleged the disciplinary proceedings used to obtain his convictions violated his right to due process of law because "he was arbitrarily denied staff witnesses, the charging officer gave false testimony, there was 'no evidence' to support the guilty finding and [ ] he received punishments other than a fine." The federal district court granted the respondents' motion for summary judgment, concluding that Mr. Bird had been "provided all the due process to which he was entitled." The Tenth Circuit denied him a certificate of appealability.
[¶4] Mr. Bird then filed a Complaint for Declaratory Judgment in state district court against the director of the WDOC, Robert Lampert. He sought a declaration that the WDOC must "adhere to its own rules and regulations which were adopted for the protection of other parties." He argued the WDOC did not follow its own procedures in conducting his disciplinary hearing because: 1) his conduct violation report did not provide sufficient description of physical evidence, did not disclose the names of all staff members involved in the investigation, and was not completed until more than 24 hours after the decision to charge him was made; 2) the hearing officer reviewed a confidential investigation report that Mr. Bird did not have the opportunity to review; and 3) he was denied the opportunity to present witnesses.
[¶5] Mr. Lampert moved to dismiss Mr. Bird's complaint, arguing that collateral estoppel and res judicata precluded the action because his habeas corpus petition had "previously raised nearly identical allegations." Mr. Bird responded that his complaint did not argue that violations of WDOC policies violated his right to due process, rather it sought a judgment that "the WDOC must adhere to its own policies and procedures which were adopted for the protection of other parties, nothing more, nothing less." In reply Mr. Lampert argued, in addition to the action being precluded, that Mr. Bird lacked standing to seek relief under the declaratory judgment act. The district court granted Mr. Lampert's motion to dismiss. Mr. Bird timely appealed.
DISCUSSION
[¶6] Mr. Bird argues the district court erred in granting the motion to dismiss because the issues raised in his complaint are not identical to those in his habeas corpus petition and could not have been raised in the prior federal litigation. Further, he asserts that the district court erred in considering the standing argument raised in Mr. Lampert's reply because Mr. Lampert waived this defense by failing to assert it in his motion to dismiss. The State responds that collateral estoppel bars all issues Mr. Bird raised in his habeas corpus petition, that res judicata precludes him from raising new issues, and that it was proper to consider the standing argument raised in Mr. Lampert's reply because it was raised in response to Mr. Bird's changed theory of the case. First, we address the existence of standing with respect to Mr. Bird's request for a declaration that the WDOC must generally abide by its own policies and procedures. Next, we consider claims Mr. Bird previously raised in his petition for habeas corpus, and issues related to his disciplinary proceedings that were raised below, but not in the previous action.
I. The district court properly considered standing in dismissing Mr. Bird's complaint
[¶7] The existence of standing is a question of justiciability that we review de *854 novo. In re L-MHB , 2018 WY 140, ¶ 24, 431 P.3d 560, 568 (Wyo. 2018) ; Ultra Res., Inc. v. Hartman , 2010 WY 36, ¶ 50, 226 P.3d 889, 911 (Wyo. 2010). Lack of standing may be raised at any time, including by the court sua sponte . In re L-MHB , 2018 WY 140, ¶ 24, 431 P.3d at 568 ; Ultra Res. , 2010 WY 36, ¶ 50, 226 P.3d at 911. Thus, the district court did not err by considering it, even though Mr. Lampert did not raise it in his motion to dismiss.
[¶8] We conclude Mr. Bird lacked standing to seek a declaration that the WDOC must follow its own procedures as a matter of course. In a declaratory judgment action, the plaintiff must allege a justiciable controversy, which requires: 1) an existing and genuine, as opposed to a theoretical, right or interest; 2) that the controversy "be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument evoking a purely political, administrative, philosophical or academic conclusion"; 3) that any judicial determination of the controversy be capable of having the force and effect of a final judgment; and 4) that the proceedings be genuinely adverse in nature. Allred v. Bebout , 2018 WY 8, ¶ 37, 409 P.3d 260, 270 (Wyo. 2018) (quoting Brimmer v. Thomson , 521 P.2d 574, 578 (Wyo. 1974) ). Mr. Bird's complaint sought a declaration that the WDOC must follow its own policies and procedures. He claims this request is not associated with his own disciplinary proceedings or convictions. Rather, he argues WDOC's "violation of its own rules, policies or procedures is per se arbitrary and capricious" and that "he has a right to a declaratory judgment establishing as much." Such a declaration "adjudicates nothing and binds no one." Brimmer , 521 P.2d at 579. Courts may not issue "advisory opinions addressing future speculative matters." Catamount Const. v. Timmis Enters. , 2008 WY 122, ¶ 19, 193 P.3d 1153, 1159 (Wyo. 2008) ; see also Voss v. Goodman , 2009 WY 40, ¶¶ 5-7, 203 P.3d 415, 418 (Wyo. 2009), superseded on other grounds by statute , Wyo. Stat. Ann. § 24-9-101(e), (h) (2011), as recognized in Whaley v. Flitner Ltd. P'ship , 2017 WY 59, ¶ 20, 395 P.3d 653, 660 (Wyo. 2017) (courts cannot adjudicate hypothetical issues). The district court properly relied on standing to dismiss those portions of his complaint that sought an advisory opinion.
II. Collateral estoppel and res judicata bar Mr. Bird's claims alleging that procedural violations occurred during his disciplinary proceedings
[¶9] We review a district court's grant of a motion to dismiss de novo, accepting facts stated in the complaint as true and viewing them in the light most favorable to the plaintiff. Elworthy v. First Tenn. Bank , 2017 WY 33, ¶ 20, 391 P.3d 1113, 1119 (Wyo. 2017). The application of res judicata and collateral estoppel are questions of law that we review de novo, taking judicial notice of prior proceedings between the parties. Doles v. State , 2007 WY 119, ¶ 4, 163 P.3d 819, 820 (Wyo. 2007) ; In re Big Horn River , 2004 WY 21, ¶ 19, 85 P.3d 981, 987 (Wyo. 2004) ; Texas W. Oil & Gas Corp. v. First Interstate Bank , 743 P.2d 857, 858 (Wyo. 1987) ; Weber v. Johnston Fuel Liners, Inc. , 540 P.2d 535, 538 (Wyo. 1975).
[¶10] Collateral estoppel precludes a party from raising issues that have been contested and resolved in a prior proceeding. Hansuld v. Lariat Diesel Corp. , 2010 WY 160, ¶ 18, 245 P.3d 293, 300 (Wyo. 2010). In determining whether collateral estoppel bars an issue raised in a subsequent proceeding, we consider these elements:
(1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.
Slavens v. Bd. of Cty. Comm'rs , 854 P.2d 683, 686 (Wyo. 1993) (emphasis in original). Here, as in federal district court, Mr. Bird asserted he was not permitted to call staff witnesses, that the conduct violation report did not list the names of all staff members involved in the investigation, and that he did not have *855 the opportunity to review a confidential investigation report. The federal court fully considered each of these issues and reached a judgment on the merits. To the extent Mr. Bird's complaint raised issues identical to those raised in federal court, collateral estoppel bars them.
[¶11] Res judicata bars previously litigated "claims that have been, or, because of an intrinsic relationship to matters presented, should have been, decided in an earlier legal action." Hansuld , 2010 WY 160, ¶ 19, 245 P.3d at 300. Four elements determine whether res judicata applies: "(1) the parties are identical; (2) the subject matter is identical; (3) the issues are the same and related to the subject matter; and (4) the capacities of the persons are identical in reference to both the subject matter and the issues between them." Id. at ¶ 20, 245 P.3d at 300. Mr. Bird and the WDOC, via its agents Michael Pacheco and Robert Lampert, were parties to both actions and acted in the same capacities. Texas W. Oil & Gas Corp. , 743 P.2d at 865 (holding suit against director of corporation in official capacity was barred by corporation's favorable judgment in previous suit because "the benefit of collateral estoppel and res judicata are available either to the principal or agent in defense of the second lawsuit"). Both proceedings arose out of the disciplinary charges brought against Mr. Bird and both alleged violations of WDOC procedures during his disciplinary investigation and hearing. Mr. Bird argues his current claims are unrelated to his previous due process argument and attempts to recast them as state-law claims that could not have been raised in federal court. We are not persuaded. First, Mr. Bird did not bring any claims under the Wyoming Constitution that could not have been raised in federal court. Further, although Mr. Bird does not explicitly seek relief under the due process clause, as he did in the prior proceeding, the substance of his argument is that his disciplinary convictions were unfairly obtained-a prototypical due process argument. Finally, the alleged error of state law that Mr. Bird claims could not have been brought in federal court involves his general "state right to have the WDOC adhere to its own policies and procedures," a matter we have determined he lacks standing to pursue. Any alleged procedural violation arising from his disciplinary proceedings, or modified arguments concerning previously raised violations, should have been raised in the previous action and are now barred.
CONCLUSION
[¶12] Mr. Bird did not have standing to seek a general declaration that the WDOC must abide by its own rules and regulations. Collateral estoppel and res judicata bar the remainder of the issues Mr. Bird raised in his complaint. Affirmed.