**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

STEVEN W. MITCHELL,

Petitioner – Appellant,

v.

MICHAEL J. MURPHY, Warden,
Wyoming Department of Corrections
State Penitentiary,

Respondent – Appellee.

No. 09-8083
(D.C. No. 2:08-CV-00231-WFD)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

_____

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

_____

Steven W. Mitchell, a state prisoner proceeding pro se, requests a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

petition. For substantially the same reasons set forth by the district court, we deny a

COA and dismiss the appeal.

**I**

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

According to the Wyoming Supreme Court, Mitchell, Tawnya Sidwell, and two friends were socializing at Sidwell's trailer on the night of October 14, 1996. [1] The two friends left for fifteen to twenty minutes, returning to find Mitchell gone and Sidwell dead from a gunshot wound to the face. When police visited Mitchell's home in an attempt to interview him, Mitchell shot two officers with a shotgun. One officer was struck in the neck and the other was hit in the arm. Mitchell barricaded himself in his attic but eventually surrendered after police tear-gassed the home.

Mitchell was convicted in Wyoming state court of one count of first degree murder and two counts of attempted first degree murder. He was sentenced to life in prison on each count. The Wyoming Supreme Court affirmed his convictions and prison sentence on June 24, 1999. Mitchell did not file a petition for writ of certiorari with the United States Supreme Court.

On November 19, 1999, Mitchell filed a motion for reduction of sentence, which was denied by the state trial court on the same day. Mitchell filed a petition for state post-conviction relief on November 15, 2000. After the court denied appointment of counsel on April 26, 2001, no further action was taken until Mitchell sent an ex parte letter inquiring as to the status of his petition on June 29, 2007. The state court denied

---

[1] Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "state court factual findings are presumptively correct and may be rebutted only by 'clear and convincing evidence.'" Saiz v. Ortiz, 392 F.3d 1166, 1175 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(e)(1)).

post-conviction relief on June 20, 2008, and the Wyoming Supreme Court denied further review on October 14, 2008.

On October 23, 2008, Mitchell filed a § 2254 petition in federal court advancing six claims:  (1) the trial court erred in admitting statements obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966); (2) he was denied due process because he was jointly tried for murder and attempted murder; (3) the prosecutor engaged in misconduct; (4) his counsel provided ineffective assistance; (5) the state court erred in denying appointment of counsel and appointment of an expert witness to assist in Mitchell's petition for state post-conviction relief; and (6) he was denied due process because of excessive delay in post-conviction proceedings.

The district court dismissed the petition as time-barred and denied a COA. Mitchell now seeks a COA from this court.

## II

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  This requires Mitchell to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).  Because the district court denied Mitchell a COA, he may not appeal the district court's decision absent the grant of a COA by this court.

AEDPA imposes a one-year statute of limitations on habeas petitions filed by state prisoners. § 2244(d). Mitchell's conviction became final on September 22, 1999, when the deadline to file a petition for writ of certiorari with the United States Supreme Court passed. See Sup. Ct. R. 13(1). Accordingly, he had until September 22, 2000, to file a habeas petition. Mitchell did not do so until October 23, 2008, more than eight years late.

Mitchell argues that he is entitled to statutory tolling based on his motion for reduction of sentence. Section 2244(d)'s one-year limitation period is tolled while a prisoner pursues state post-conviction relief or other collateral review. § 2244(d)(2). However, Mitchell's motion was filed and decided on the same day, providing only one day of tolling—well short of the eight years necessary to render Mitchell's claim timely. Mitchell also argued below that his application for post-conviction relief tolled AEDPA's statute of limitations, but the district court properly rejected that argument because Mitchell's application was not filed until the limitations period had expired. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).

Mitchell further contends he is entitled to either statutory or equitable tolling because: (1) he waited three months to receive lab reports he claims were necessary for his petition for post-conviction relief; and (2) he is actually innocent.[2] Equitable tolling

_____

[2] Construing Mitchell's pro se filings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), we read Mitchell's tolling arguments with respect to these issues as requesting equitable tolling and seeking to fit within § 2244(d)(1)(D), which

Continued . . .

- 4 -

"is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

With respect to the medical reports (which show Mitchell's amphetamine and methamphetamine levels near the time of the murder), Mitchell argues that he needed these documents to establish that counsel was ineffective for failing to obtain an expert on the effects of methamphetamine abuse. Yet Mitchell was surely aware that he had used large quantities of methamphetamine and that counsel had failed to obtain an expert witness—"the vital facts underlying [his] claims," McAleese v. Brennan, 483 F.3d 206, 214 (3d Cir. 2007)—before he gained access to the medical reports. Accordingly, Mitchell was aware of the factual predicate of his claim and is not entitled to equitable or statutory tolling based on the delay in obtaining medical reports.

Nor is Mitchell entitled to tolling based on his claim of actual innocence. To obtain habeas relief on this ground, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324,

---

starts the AEDPA clock on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

327 (1995). Mitchell provides a pair of affidavits from Pamela Turner, one of the friends who left Sidwell's apartment shortly before the murder. The affidavits state that Turner is "willing to recant any prior statements that [she has] made to Law Enforcement, or the Prosecution[,] against" Mitchell; that police tried to convince Turner "of times and facts that conflicted with [her] own memory" of the crime; that she "know[s] for a fact that [Mitchell] was not involved with the murder"; and that she "knows for a fact" that other individuals murdered Sidwell. Despite the factual labels, these bare conclusions do not provide actual evidence that would compel any reasonable juror to acquit Mitchell, particularly in view of the substantial evidence of his guilt. See Hall, 935 F.2d at 1111 ("[A]ffidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.").

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge


- 6 -