# THE SUPREME COURT, STATE OF WYOMING

# 2023 WY 47

APRIL TERM, A.D. 2023

May 23, 2023

STEVEN W. MITCHELL,

Appellant
(Plaintiff),

v.

PETE RUST, in his personal and official
capacity,

Appellee
(Defendant).

S-22-0245

*Appeal from the District Court of Sweetwater County*
*The Honorable Suzannah G. Robinson, Judge*

*Representing Appellant:*
Steven W. Mitchell, pro se.

*Representing Appellee:*
Thomas A. Thompson of MacPherson & Thompson, LLC.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY and FENN, JJ.*

**NOTICE:** **This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FENN, Justice.**

[¶1]    Steven W. Mitchell filed suit against Pete Rust, the mayor of Green River, Wyoming.  Mr. Mitchell contends Mr. Rust violated his oath of office by refusing to order an investigation into a witness who recanted her prior statements to law enforcement in Mr. Mitchell's underlying criminal matter.  The district court dismissed Mr. Mitchell's various claims against Mr. Rust as time-barred, barred by 42 U.S.C. § 1983 (2022), and barred by the doctrine of collateral estoppel.  We affirm.

## ISSUES

[¶2]    The dispositive issues are:

> I.    Did the district court err by finding Mr. Mitchell's claims are barred by the Wyoming Governmental Claims Act?

> II.   Did the district court err by finding Mr. Mitchell's claims are barred under 42 U.S.C. § 1983?

> III.  Did the district court err by finding Mr. Mitchell's claims are barred by the doctrine of collateral estoppel?

## FACTS

[¶3]    In 1997, Mr. Mitchell was convicted of one count of first-degree murder for the murder of Tawnya T. Sidwell and two counts of attempted murder for shooting two officers during their investigation of Ms. Sidwell's murder.  He was sentenced to three consecutive life sentences.  Mr. Mitchell first challenged his convictions with this Court on issues of *Miranda* violations, improper admission of involuntary statements, improper joinder of trials, and prosecutorial misconduct. *Mitchell v. State*, 982 P.2d 717, 719 (Wyo. 1999).  We affirmed the judgment and sentence. *Id.* at 725.

[¶4]    Following Mr. Mitchell's direct appeal, he filed a petition for post-conviction relief alleging his appellate counsel was ineffective for not raising the issue of ineffective assistance of trial counsel for failing "to investigate, develop, support, and provide expert testimony in regard to [his] voluntary intoxication defense."  Mr. Mitchell argued he was using methamphetamine before the shootings, and the "extreme (near toxic) levels of amphetamine/ methamphetamine" in his system led him to hallucinate to the extent that he acted under the delusion that he was defending his family when he shot the two police officers.  The district court held a hearing and denied the petition.  It found Mr. Mitchell failed to demonstrate the result of his direct appeal would have been different but for appellate counsel's failure to raise the ineffective assistance of trial counsel claim.  Mr.

1

Mitchell appealed, and we entered an order denying his petition for writ of review on October 14, 2008.[1]

[¶5]   In April 2009, Pamela Turner, a witness for the State at Mr. Mitchell's trial, executed a question-and-answer document (Turner Affidavit) stating she was "willing to recant any prior statements . . . made to Law Enforcement, or [in] the [p]rosecution against Steven Mitchell." Ms. Turner declared in the affidavit that she was under the influence of methamphetamine and marijuana when she made statements during the investigation, and her testimony was coerced by the Green River Police Department. After Mr. Mitchell received the Turner Affidavit, he mailed a copy of it along with a letter to Mr. Rust, in his capacity as a Green River city councilman. Mr. Mitchell contends this was his first attempt to contact Mr. Rust regarding the Turner Affidavit.

[¶6]   Mr. Mitchell filed a habeas corpus petition in the United States District Court for the District of Wyoming raising claims about the Turner Affidavit and claims similar to those raised in his direct appeal. *Mitchell v. Murphy*, No. 08CV231D, 2009 WL 10704912, at *2–5 (D. Wyo. Sept. 21, 2009). He informed the United States District Court "he was in possession of newly discovered evidence, namely [the] affidavit of Pamela Turner, [which stated] she was willing to recant her prior statements made to the government against Mr. Mitchell and that Mr. Mitchell was innocent." *Id.* at *2. The United States District Court denied the petition as time-barred. *Id. at *5.* In considering the Turner Affidavit, the United States District Court determined the Turner Affidavit did not toll the statute of limitations. *Id.* at *4. It found: "Given . . . the facts show that Mr. Mitchell provided an inculpatory statement to law enforcement and that he shot two police officers seeking to interview him, he has failed to provide new evidence, not present at trial, that makes it 'more likely than not that no reasonable juror' would have convicted him." *Id.* at *4 (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). The United States District Court did not find equitable tolling was warranted and dismissed the untimely petition for writ of habeas corpus. *Id.* at *4–5.

[¶7]   Mr. Mitchell requested a certificate of appealability to appeal the United States District Court's denial of his habeas petition to the Tenth Circuit Court of Appeals. *Mitchell v. Murphy*, 359 F. App'x 22, 23 (10th Cir. 2009). The Tenth Circuit denied the certificate of appealability and dismissed the matter. *Id.* at 25. It found Mr. Mitchell's petition was time-barred and he presented no argument supporting the limitations period was tolled. *Id.* at 24. Mr. Mitchell argued the Turner Affidavit tolled the limitations period because the affidavit showed his actual innocence. *Id.* at 25. The Tenth Circuit found Ms. Turner stated in her affidavit she was "'willing to recant any prior statements that she has made to Law Enforcement, or the Prosecution, against' [Mr.] Mitchell; that police tried to convince [her] 'of times and facts that conflicted with her own memory' of the crime; that she 'knows for a fact that [Mr.] Mitchell was not involved with the murder'; and that she 'knows for a fact'

---

[1] *Mitchell v. State*, S-08-0204 (Oct. 14, 2008) (order denying petition for writ of review).

that other individuals murdered [Ms.] Sidwell." *Id.* at 25. The Tenth Circuit held the Turner Affidavit did not toll the statute of limitations because the "bare conclusions" contained within it did "not provide actual evidence that would compel any reasonable juror to acquit [Mr.] Mitchell, particularly in view of the substantial evidence of his guilt." *Id.* at 25 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991)) ("[A]ffidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.").

[¶8]   Approximately nine years later, after Mr. Rust was elected mayor, Mr. Mitchell sent Mr. Rust the Turner Affidavit again, reiterating his request for a criminal investigation into the Green River Police Department. More than one year later, in November 2019, Mr. Mitchell sent the Turner Affidavit to Mr. Rust a third time.

[¶9]   Approximately twelve years after first mailing Mr. Rust the Turner Affidavit, Mr. Mitchell filed the underlying complaint, alleging Mr. Rust deprived him of his civil rights and violated his oath of office by failing to take any action with respect to the Turner Affidavit. Mr. Rust filed a motion to dismiss pursuant to Wyoming Rules of Civil Procedure (W.R.C.P.) 12(b)(1) and 12(b)(6). Mr. Rust argued Mr. Mitchell's claims are barred by the Wyoming Governmental Claims Act (WGCA), the applicable federal law, and Mr. Mitchell already had an adequate remedy at law through his post-conviction proceedings. The district court granted Mr. Rust's motion to dismiss. Mr. Mitchell timely appealed.

## STANDARD OF REVIEW

[¶10]   Our standard of review for a motion to dismiss pursuant to W.R.C.P. 12(b)(1) and 12(b)(6) is as follows:

> We review motions to dismiss pursuant to W.R.C.P. 12(b)(1) and 12(b)(6) similarly. Our review is *de novo,* and we employ the same standards and examine the same materials as the district court: we accept the facts alleged in the complaint or petition as true and view them in the light most favorable to the non-moving party. However, liberal construction of the pleadings does not excuse omission of that which is material and necessary in order to entitle one to relief.
>
> Under W.R.C.P. 12(b)(1), we [will] affirm dismissal only if those facts dictate judgment for the appellee as a matter of law. Likewise, under W.R.C.P. 12(b)(6), dismissal is appropriate only if it is certain on the face of the complaint that the plaintiff cannot assert any facts that create entitlement to relief.

3

*Guy v. Lampert*, 2015 WY 148, ¶¶ 12–13, 362 P.3d 331, 335 (Wyo. 2015) (internal citations and quotation marks omitted).

## DISCUSSION

[¶11] Mr. Mitchell argues Mr. Rust violated his official duties by refusing to order a criminal investigation after he received the Turner Affidavit. He requested the district court issue an order authorizing the filing of a lien against Mr. Rust or, in the alternative, award him damages or issue an injunction compelling Mr. Rust to initiate a criminal investigation into the Green River Police Department. The district court found Mr. Mitchell's claims are barred by the WGCA, by 42 U.S.C. § 1983, and he is collaterally estopped from challenging his conviction.

### I. Was Mr. Mitchell's claim barred under the Wyoming Governmental Claims Act?

[¶12] The district court found Mr. Mitchell's claims are barred by the WGCA because he failed to comply with the claims procedure and timing requirements under the WGCA, Wyoming Statute §§ 1-39-101 through 120. Mr. Mitchell argues he satisfied the timing requirements under the WGCA by mailing his notice of claim to the Sweetwater County Clerk.

[¶13] Before a suit based either in contract or tort can be brought against a public employee acting within the scope of their duties, "the claimant must follow the procedure outlined in the WGCA and the Wyoming Constitution." *Casey v. Teton Cnty. Hosp. Dist.*, 2022 WY 112, ¶ 7, 517 P.3d 536, 539 (Wyo. 2022) (citing Wyo. Stat. Ann. § 1-39-113, Wyo. Const. art. 16, § 7); *Peterson v. Sweetwater Cnty. Sch. Dist. No. One*, 929 P.2d 525, 529 (Wyo. 1996) (applying the WGCA notice requirements to claims against a governmental entity based in contract and stating the "[f]ailure to comply with [Wyoming Statute § 1-39-113(a)] is an absolute bar to appellants' claims."); *Milton v. Mitchell,* 762 P.2d 372, 374–75 (Wyo. 1988) (applying the WGCA notice procedures to a suit against a public employee acting in the scope of his duties). As a condition precedent to bringing a suit against Mr. Rust, Mr. Mitchell was required to present his notice of claim as an itemized statement in writing to the business office of the governmental entity within two years of the date of the alleged wrongful act, error, or omission. Wyo. Stat. Ann. § 1-39-113(a), (c) (LexisNexis 2021); *Casey*, ¶ 7, 517 P.3d at 539. After satisfying the notice of claim requirements, Mr. Rust "is then subject to a one-year statute of limitations for filing an action in court." *Id.*; Wyo. Stat. Ann. § 1-39-114 (LexisNexis 2021).

[¶14] "[T]his Court has long held that a party seeking to bring an action against a governmental entity" or a public employee "must first comply with the constitutional and statutory requirements by presenting a notice of claim to the entity." *Chapman v. Wyo. Dep't of Corr.*, 2016 WY 5, ¶ 25, 366 P.3d 499, 511 (Wyo. 2016) (quoting *Harmon v. Star Valley Med. Ctr.*, 2014 WY 90, ¶ 18, 331 P.3d 1174, 1178 (Wyo. 2014)). To avoid

dismissal of his complaint, it was incumbent upon Mr. Mitchell to state in his complaint: (i) the notice of claim was filed in accordance with the WGCA; (ii) the date he filed the notice of claim; and (iii) the notice of claim complied with the signature and certification requirements of Article 16, § 7 of the Wyoming Constitution. Wyo. Stat. Ann. § 1-39-113(d); *Chapman*, ¶ 26, 366 P.3d at 511; *Brown v. City of Casper*, 2011 WY 35, ¶ 44, 248 P.3d 1136, 1146–47 (Wyo. 2011).

[¶15] Mr. Mitchell makes no mention in his complaint that he presented a written itemized statement for his notice of claim to the business office of the governmental entity, nor does he make any mention of complying with Article 16, § 7 of the Wyoming Constitution. While the failure to file a cause of action "strictly complying with the WGCA does not deprive a district court of subject matter jurisdiction, the WGCA's requirements are substantive[,]" and the district court may dismiss a plaintiff's complaint for failing to comply with the WGCA. *Chapman*, 2016 WY 5, ¶¶ 26–27, 366 P.3d at 511–12; *cf. Brown*, 2011 WY 35, ¶ 47, 248 P.3d at 1147–48 (allowing amendment of a complaint to show compliance with the notice of claim requirements). The district court found Mr. Mitchell failed to establish he complied with the WGCA by presenting his notice of claim to the appropriate governmental entity and therefore dismissed his cause of action. After reviewing the complaint, we cannot say the district court erred by dismissing Mr. Mitchell's complaint for failing to comply with the notice and pleading requirements under Wyoming Statute § 1-39-113. *See generally Allred v. Bebout*, 2018 WY 8, ¶ 32, 409 P.3d 260, 268–69 (Wyo. 2018) (quoting *The Tavern, LLC v. Town of Alpine*, 2017 WY 56, ¶ 21, 395 P.3d 167, 173 (Wyo. 2017)) ("[L]iberal construction of pleadings does not 'excuse omission of that which is material and necessary in order to entitle one to relief.'"); *Chapman*, 2016 WY 5, ¶¶ 25–27, 366 P.3d at 511–12; *Routh v. State, ex rel. Wyo. Workers' Comp. Div.*, 952 P.2d 1108, 1116–17 (Wyo. 1998) ("Routh did not even allege the filing of a claim [under the WGCA] in his . . . complaint, and under Wyoming law that would serve to justify dismissal of the complaint[.]").

[¶16] Mr. Mitchell contended in his response to the motion to dismiss that he complied with the notice requirements under the WGCA by filing a notice with the Sweetwater County Clerk on March 2, 2020.[2] He alleged he had a year, until March 2, 2021, to commence his lawsuit, which he complied with by timely filing his suit against Mr. Rust on January 22, 2021. The district court dismissed the first suit without prejudice, and Mr. Mitchell filed the underlying action in August 2021.

---

[2] On appeal, Mr. Mitchell claims he complied with the WGCA by mailing his notice of claim to the Sweetwater County Clerk in November 2019. Mr. Mitchell never raised this argument to the district court below, claiming instead he filed the notice in March 2020. We decline to consider Mr. Mitchell's argument he filed the notice in November 2019. *Rogers v. State*, 2021 WY 123, ¶¶ 14–15, 498 P.3d 66, 70–71 (Wyo. 2021) (declining to address an argument made for the first time on appeal because the issue has not been properly developed for review); *Kitzke v. State*, 2004 WY 9, ¶ 13, 84 P.3d 950, 953 (Wyo. 2004) ("[I]ssues not brought before the district court may not be reviewed by this [C]ourt upon first impression on appeal.").

5

[¶17]  Even if we accept the facts alleged by Mr. Mitchell as true and view them in the light most favorable to him, we cannot say the district court erred by finding Mr. Mitchell's claims are barred by the WGCA.  "[Wyoming Statute §] 1-39-113(a) requires claimants to present their claim within two years of when they knew or should have known, with the exercise of due diligence, of the [public employee's] 'alleged act, error or omission.'" *Heimer v. Antelope Valley Improvement*, 2010 WY 29, ¶ 17, 226 P.3d 860, 864 (Wyo. 2010).  "We have long held that strict compliance with the two-year notice provision is required to bring a claim against a governmental entity" and failure to notify the governmental entity within two years is an absolute bar to suit under the WGCA. *Casey*, 2022 WY 112, ¶ 13, 517 P.3d at 540–41; *Stroth v. N. Lincoln Cnty. Hosp. Dist.*, 2014 WY 81, ¶ 9, 327 P.3d 121, 125–26 (Wyo. 2014).

[¶18]  Wyoming Statute § 1-39-113(a) required Mr. Mitchell to use due diligence to discover any act, error, or omission by Mr. Rust. *See Heimer*, 2010 WY 29, ¶ 23, 226 P.3d at 865.  The two-year notice requirement "begins to run from the first time claimants are chargeable with information which should lead them to believe they have a claim." *Rawlinson v. Cheyenne Bd. of Pub. Utilities*, 2001 WY 6, ¶ 12, 17 P.3d 13, 16 (Wyo. 2001). The occurrence of sending a second letter to Mr. Rust did not extend the two-year notice requirement. *See id*. at ¶ 12, 17 P.3d at 16.  Wyoming Statute § 1-39-113(a) only extends the two-year notice requirement, if the claimant establishes the alleged act, error or omission was: "(i) Not reasonably discoverable within a two (2) year period; or (ii) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence."

[¶19]  Mr. Mitchell concedes he first notified Mr. Rust of alleged wrongdoing by the Green River Police Department in 2009–2010.  He did not attempt to contact Mr. Rust again about the Turner Affidavit until August 13, 2018.  He further concedes he did not file his alleged notice of claim until March 2, 2020.  For Mr. Mitchell's notice of claim to have been timely, Mr. Mitchell must show he exercised due diligence and did not know of any alleged wrongful act, error, or omission by Mr. Rust until approximately nine years after he first notified Mr. Rust of the allegations in the Turner Affidavit. *See Heimer*, 2010 WY 29, ¶ 17, 226 P.3d at 864.  Mr. Mitchell presents no argument justifying why he did not submit the required notice within two years after he first notified Mr. Rust of the allegations in the Turner Affidavit.  He further provides no argument the alleged act, error, or omission was not reasonably discoverable for the nine years it took him to submit his alleged notice of claim.  We therefore decline to address Mr. Rust's claim he served a timely notice of claim in compliance with the WGCA any further. *See generally WyoLaw, LLC v. Off. of Att'y Gen., Consumer Prot. Unit*, 2021 WY 61, ¶ 37, 486 P.3d 964, 975 (Wyo. 2021) (holding this Court will not consider arguments unsupported by cogent argument and relevant authority).

## II.  Does 42 U.S.C. § 1983 bar Mr. Mitchell's claims?

[¶20]   The failure to strictly comply with the requirements of the WGCA may require dismissal of a state law claim, but that failure does not bar a § 1983 claim. *Chapman*, 2016 WY 5, ¶ 26 n.4, 366 P.3d at 511 n.4 (quoting *Romero v. City of Miami*, 8 F. Supp. 3d 1321, 1327–28 (N.D. Okla. 2014)).  Mr. Mitchell contends his claim is a "civil rights action" and argues federal law governing claims under 42 U.S.C. § 1983 applies.  The district court applied the applicable law for § 1983 claims and held Mr. Mitchell's claims are not cognizable under § 1983 and require dismissal.  We agree.

[¶21]   A state prisoner may not sue state officials under § 1983 if the underlying cause of action is to obtain damages where success would necessarily imply the unlawfulness of a conviction or sentence, which has not previously been invalidated. *Nance v. Ward*, 142 S. Ct. 2214, 2222, 213 L. Ed. 2d 499 (2022); *McDonough v. Smith*, 139 S. Ct. 2149, 2156– 57, 204 L. Ed. 2d 506 (2019); *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) ("A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."); 15 Am. Jur. 2d *Civil Rights* § 136 (May 2023 Update).  When a prisoner seeks relief that would "necessarily imply the invalidity of his conviction or sentence," he comes within the core of habeas corpus and must proceed in habeas. *Nance*, 142 S. Ct. at 2221–22 (citing *Heck*, 512 U.S. at 487, 114 S. Ct. at 2364).  A state prisoner seeking to invalidate his confinement "either *directly* through an injunction . . . or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody" may only proceed in habeas corpus (or similar state procedures). *Wilkinson v. Dotson*, 544 U.S. 74, 81, 125 S. Ct. 1242, 1247, 161 L. Ed. 2d 253 (2005).  "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

[¶22]   In *Heck v. Humphrey*, a prisoner serving a 15-year sentence for manslaughter sought damages under § 1983 against state prosecutors and an investigator. *Heck*, 512 U.S. at 478– 79.  The prisoner alleged misconduct similar to that alleged by Mr. Mitchell. *Id.*  He alleged the investigator in his underlying criminal investigation, acting under state law, conducted an unlawful, unreasonable, and arbitrary investigation, and the investigator and prosecutor knowingly destroyed evidence and caused an illegal voice identification procedure to be employed during the prisoner's trial. *Id.*  The United States Supreme Court held the prisoner's damages claim challenged the legality of the conviction and therefore dismissal of the action was the correct result. *Id.* at 489–90.

[¶23]   Mr. Mitchell alleges Mr. Rust violated his civil rights by "deliberately, knowingly, and willfully engag[ing] in the ongoing criminal conspiracy, and cover-up, to deprive [Mr. Mitchell] of Justice, Due Process, and to the Equal Protection of the Law" by purposefully concealing allegedly felonious conduct by the Green River Police Department in its investigation of Mr. Mitchell's underlying criminal conviction.  Mr. Mitchell requests an

award of $25,000,000 in damages—though he alleges "[m]onetary relief alone cannot repair the damage [Mr. Rust] has caused"—for "an urgent necessity to end [the] injustice because [Mr. Mitchell] has been incarcerated for (25) [twenty-five] years in prison for a murder that he did not commit." Mr. Mitchell's claims impugn the integrity of the underlying investigation and prosecution of his criminal conviction and necessarily implies the invalidity of his conviction or sentence. Mr. Mitchell did not receive a favorable result in his habeas corpus proceeding, nor did he receive one in his petition for post-conviction relief. His claims are therefore not cognizable under § 1983, and the district court did not err in dismissing his claims.[3] *See McDonough*, 139 S. Ct. at 2159 (internal citations and quotation marks omitted) ("[A] claim like McDonough's centers on evidence used to secure an indictment and at a criminal trial, so it does not require speculat[ion] about whether a prosecution will be brought. It directly challenges—and thus necessarily threatens to impugn—the prosecution itself."); *Heck*, 512 U.S. at 489–90.

### III. Is Mr. Mitchell's claim barred by the doctrine of collateral estoppel?

[¶24] The district court also held Mr. Mitchell's claims are barred by the doctrine of collateral estoppel. It noted Mr. Mitchell's "extensive efforts both in state and federal courts challenging the legitimacy of his trial and convictions." In particular, the district court found Mr. Mitchell, in his petition for habeas corpus to the United States District Court, already asserted Ms. Turner presented false testimony, and Mr. Mitchell's principal complaint, as in his habeas matter, was the Green River Police Department suborned perjury at his trial. The district court held all four factors for collateral estoppel were present and dismissed Plaintiff's claims.

[¶25] "Collateral estoppel precludes a party from raising issues that have been contested and resolved in a prior proceeding." *Bird v. Lampert*, 2019 WY 56, ¶ 10, 441 P.3d 850, 854 (Wyo. 2019).

> Wyoming courts determine whether collateral estoppel bars relitigation of issues by examining:
>
> (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to

---

[3] Mr. Mitchell also challenges the district court's holding that his § 1983 claim was barred by the applicable statute of limitations. Because we find Mr. Mitchell's claim is not cognizable under § 1983, we decline to address this claim of error. *See Spence v. State*, 2019 WY 51, ¶ 2 n.1, 441 P.3d 271, 272 n.1 (Wyo. 2019) (declining to address a second issue when the first issue was dispositive); *Mellott v. State*, 2019 WY 23, ¶ 13 n.6, 435 P.3d 376, 382 n.6 (Wyo. 2019) (declining to address appellant's second argument when her first argument was dispositive).

the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Dockter v. Lozano*, 2020 WY 119, ¶ 25, 472 P.3d 362, 369 (Wyo. 2020) (quoting *Rathbun v. State*, 2011 WY 116, ¶ 9, 257 P.3d 29, 33 (Wyo. 2011)).

[¶26]  Mr. Mitchell argues the district court erred in finding all four factors were fully present, and the issue raised in his complaint is not identical to the issue raised in his petition for habeas corpus.  He contends "[t]he only thing identical in this current action is the Turner [A]ffidavit itself[,]" but he provides no argument addressing why the issues he currently raises are not identical to the prior action.  Instead, he makes a cursory argument Mr. Rust was not elected to the office of mayor at the time of the habeas corpus petition, so he should not be considered in privity with the State.  He also makes a conclusory statement, without any analysis or argument, he did not receive a full and fair opportunity to litigate the issue in his prior case because he was precluded from developing the allegations contained in the Turner Affidavit.

[¶27]  We have carefully reviewed Mr. Mitchell's brief and find he did not support his assertions with cogent argument or citation to legal authority.  Mr. Mitchell's brief contains no analysis of the law to support his legal arguments and provides only unsupported conclusory statements without any citation to the record supporting his factual contentions. "While there is a certain leniency afforded the pro se litigant, when a brief fails to present a valid contention supported by cogent argument or pertinent authority, 'we consistently have refused to consider such cases, whether the brief is by a litigant *pro se* or is filed by counsel.'" *Harrison v. State*, 2020 WY 43, ¶ 2, 460 P.3d 260, 261 (Wyo. 2020) (quoting *In the Interest of BASS*, 2020 WY 27, ¶ 7, 458 P.3d 857, 859 (Wyo. 2020)); *see also Tozzi v. Moffett*, 2018 WY 133, ¶ 26, 430 P.3d 754, 762 (Wyo. 2018) (declining to consider an argument the district court incorrectly applied the doctrine of collateral estoppel because the argument consisted of a conclusory statement with no legal analysis of the law and its applicability).  We therefore exercise our discretion under Rule 1.03 of the Wyoming Rules of Appellate Procedure and decline to consider Mr. Mitchell's contentions with respect to the applicability of the doctrine of collateral estoppel and summarily affirm the district court's decision. *See Silva v. State*, 2014 WY 155, ¶ 10, 338 P.3d 934, 937 (Wyo. 2014).

## CONCLUSION

[¶28]  The district court did not err when it held Mr. Mitchell's claims are barred by the WGCA and 42 U.S.C. § 1983.  We exercise our discretion and decline to consider any contentions related to the district court's findings on the doctrine of collateral estoppel because Mr. Mitchell failed to present cogent argument on this issue.  We affirm the district court's order granting Mr. Rust's motion to dismiss.

9