# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 121

OCTOBER TERM, A.D. 2023

December 12, 2023

JAMES BAKER,

Appellant
(Defendant),

v.

S-23-0130

STEPHANIE BAKER,

Appellee
(Plaintiff).

*Appeal from the District Court of Platte County*
*The Honorable Edward A. Buchanan, Judge*

*Representing Appellant:*
Donna D. Domonkos, Domonkos & Thorpe LLC, Cheyenne, Wyoming.

*Representing Appellee:*
Greg B. Asay, Associated Legal Group LLC, Cheyenne, Wyoming.

*Guardian ad Litem:*
No appearance.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]     James Baker appeals from the decree of divorce entered by a successor district court judge after the district court judge who conducted the trial retired.  He contends the successor judge violated his constitutional right to due process in making findings of fact and conclusions of law without a formal certification under W.R.C.P. 63.  We affirm.

*ISSUE*

[¶2]     Mr. Baker and Ms. Stephanie Baker each raise one issue which we restate:

<u>Mr. Baker</u>—Did the successor district court judge violate Mr. Baker's right to due process when it failed to comply with Rule 63 of the Wyoming Rules of Civil Procedure?[1]

<u>Ms. Baker</u>—Did Mr. Baker waive any objection to proceeding under W.R.C.P. 63?

Ms. Baker's issue is dispositive.

*FACTS*

[¶3]     Mr. Baker and his former wife, Stephanie Baker, were married on August 4, 2006.  Four children were born to the marriage.  Ms. Baker filed for divorce on March 12, 2021.  The district court held a two-day trial on July 7–8, 2022.  Shortly thereafter, the presiding district court judge left the bench and the case was assigned to a successor judge.

[¶4]     The successor judge held a status conference with the parties, their counsel, and the guardian ad litem on November 14, 2022.  At the status conference, the judge said:

> So, folks, as you're probably aware, I started on September 19th, and I have a number of cases I'm trying to wrap up that already had hearings, already had trials.  And so I have had the opportunity to read the transcript.  It's a rough draft in your case.  And what I've been doing with the parties in these cases is telling them that . . . if I'm able to kind of get a decent idea from reading the transcript, I'm happy to proceed with a determination on the case.  But I also wanted to give

---

[1] Mr. Baker's arguments include:
1.  Must a district court formally certify familiarity with the record, find that the case may be completed without prejudice to the parties, and notify the parties of their right to recall witnesses prior to assuming its duties under W.R.C.P. 63?
2.  Did the district court deprive Mr. Baker of his constitutional due process rights by failing to notify Mr. Baker of his ability to recall witnesses under W.R.C.P. 63?

1

parties the opportunity to speak to that, as well as offer if they wanted to do findings of fact, conclusions of law, they could do that as well.

[¶5]    The district court asked the parties how they would prefer to proceed.  Mr. Baker's counsel stated:

> The Court has the evidence in front of it.  You have the record. Closing arguments were made, and I think the guardian ad litem even made a written closing.  Evidence has been closed under rule 52 of the Rules of Civil Procedure.  I think the time for talking about findings of fact and conclusions of law have gone, and we would like the Court to make a ruling on this case based on what it has before it now.

[¶6]    Ms. Baker's attorney recommended that the attorneys "go through and point out specifics that might be pertinent to this case" and that the parties submit affidavits "indicating any updates that have happened or what has happened or transpired since . . . the trial."

[¶7]    When asked by the successor judge for input, the guardian ad litem stated:

> I believe the Court [is] well aware of my recommendation regarding the case. . . . I just feel a sense of urgency in that I believe that the best interest of the children are served if they're with dad.  They're with mom now, and so . . . we just have a period here where delay is, I believe, not helpful.
>
> So I appreciate that the Court has cases that are older.  I don't know if the other older ones involve children as well, but we certainly do appreciate you giving us a look here, and we look forward to an order as quickly as you can get it.

[¶8]    The district court informed the parties that after reading the record, its only questions related to the parties' debts on the house and business properties and whether these had been sufficiently accounted for in the final net valuation for distribution of equity. The district court invited the parties to submit any clarification on these questions including the significant difference in the parties' proposed asset valuations.

[¶9]    After the district court informed the parties of its difficulties with the property debt, Ms. Baker's attorney objected to proceeding from the transcripts alone and suggested the parties submit findings of fact and conclusions of law as well as affidavits speaking to the status of the parties since the trial.  Mr. Baker's attorney repeated his preference for the

2

district court to proceed on all issues based on the transcripts.  The district court decided to proceed from the transcripts.

[¶10]  On December 5, 2022, the district court issued a detailed Findings of Facts, Conclusions of Law, Judgment and Decree of Divorce resolving all issues.  It awarded joint legal custody of the children to Mr. and Ms. Baker with primary physical custody to Ms. Baker.  Mr. Baker timely appealed.

## *STANDARD OF REVIEW*

[¶11]  The dispositive issue in this case is one of waiver.  "While the question of waiver is often one of fact, when the facts and circumstances relating to the subject are admitted or clearly established, waiver becomes a question of law which we consider *de novo*." *Rodriguez v. State*, 2019 WY 25, ¶ 16, 435 P.3d 399, 403 (Wyo. 2019) (quoting *Verheydt v. Verheydt*, 2013 WY 25, ¶ 21, 295 P.3d 1245, 1250 (Wyo. 2013)).  Because the record is clear and the facts relating to waiver are not disputed, our review is de novo.

## *DISCUSSION*

[¶12]  Mr. Baker argues the successor judge failed to comply with W.R.C.P. 63 (Rule 63) and denied him due process.  Ms. Baker contends Mr. Baker waived his issues by failing to object to the successor judge's procedure at the status conference.

[¶13]  Rule 63 provides in pertinent part:

> **Rule 63.  Judge's Inability to Proceed.**
>
> (a)     If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties.  In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

W.R.C.P. 63(a).

[¶14]  Our Rule 63 is based on its federal counterpart which was amended to its present form in 1991.[2]  The 1991 amendment recognized that "[t]he increasing length of federal

---

[2] In 2007, "Rule 63 [was] amended as part of the general restyling of the Civil Rules to make them more

trials has made it likely that the number of trials interrupted by the disability of the judge will increase." Fed. R. Civ. P. 63 advisory committee's note to 1991 amendment. The advisory committee notes set forth the purpose of the rule which is to provide "[a]n efficient mechanism for completing these cases without unfairness . . . to prevent unnecessary expense and delay." *Id.* Like Wyoming's Rule 63, the federal rule requires the successor judge to certify familiarity with the record and determine that the case may be completed without prejudice to the parties. The advisory committee notes addressing the certification requirement state that it was included "[t]o avoid the injustice that may result if the substitute judge proceeds despite unfamiliarity with the action[.]" *Id.*

**Waiver**

[¶15]  It is uncontested that Mr. Baker made no objection to the district court's ability to proceed and, in fact, affirmatively requested the court resolve the case solely on the transcript.

> "When a party affirmatively waives a right or objection, we do not review it; however, when a party merely forfeits a right or objection, we review for plain error." *Mackley v. State*, 2021 WY 33, ¶ 11, 481 P.3d 639, 642 (Wyo. 2021). Waiver is the "intentional relinquishment or abandonment of a known right"; it "requires something more affirmative than simple agreement." *Id.*, ¶ 13, 481 P.3d at 643. Forfeiture, on the other hand, "is the failure to make a timely assertion of a right." *Id.*, ¶ 11, 481 P.3d at 643.

*King v. State*, 2023 WY 36, ¶ 28, 527 P.3d 1229, 1240 (Wyo. 2023) (citations omitted).

[¶16]  Waiver is an "intentional relinquishment of a known right that must be manifested in some unequivocal manner." *Colton v. Town of Dubois*, 2022 WY 138, ¶ 12, 519 P.3d 976, 980 (Wyo. 2022) (quoting *Skaf v. Wyo. Cardiopulmonary Servs., P.C.*, 2021 WY 105, ¶ 14, 495 P.3d 887, 893 (Wyo. 2021)). "The three elements of waiver are 1) an existing right; 2) knowledge of that right; and 3) an intent to relinquish it." *Mountain Bus. Ctr., LLC v. Fork Rd., LLC*, 2022 WY 147, ¶ 22, 520 P.3d 538, 544 (Wyo. 2022).

[¶17]  Mr. Baker argues he did not waive his objection to the successor judge proceeding on the transcript because the judge did not advise the parties of Rule 63(a) requirements—certifying familiarity with the record, determining the case may be completed without prejudice to the parties, or his right to recall witnesses. Given these deficiencies, he asserts

---

easily understood and to make style and terminology consistent throughout the rules. These changes [were] intended to be stylistic only." Fed. R. Civ. P. 63 advisory committee's note to 2007 amendment.

any waiver was ineffective.[3] The language in Rule 63 does not require the successor judge to advise the parties of their rights under the rule. Mr. Baker cites no authority in support of an affirmative duty and our research has found none.

[¶18] Mr. Baker affirmatively requested that the successor judge proceed on the transcripts. Mr. Baker argues that opposing counsel's objection to proceeding only on the transcripts and requesting an opportunity for the parties to submit findings of fact and affidavits, is relevant to our analysis. He does not, however, explain how opposing counsel's objection excuses his failure to object or his affirmative request that the judge proceed on the transcripts after opposing counsel's objection. Opposing counsel did not appeal and Mr. Baker's argument will not be considered here.

[¶19] "Because the Wyoming Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, federal court interpretations of their rules are highly persuasive in our interpretation of the corresponding Wyoming rules." *Windham v. Windham*, 2015 WY 61, ¶ 20, 348 P.3d 836, 842 (Wyo. 2015) (quoting *Lamar Outdoor Advert. v. Farmers Co-Op Oil Co. of Sheridan*, 2009 WY 112, ¶ 12, 215 P.3d 296, 301 (Wyo. 2009)). Federal courts have held that a party who does not object, but instead, presents the successor judge with an alternative means of proceeding, concedes that the court:

> could render a decision without rehearing the testimony and waive[s] any objection to the procedure employed by the . . . court. *See Higginbotham v. Corner Stone Bank* (*In re Higginbotham*), 917 F.2d 1130, 1132–33 (8th Cir. 1990) (concluding that litigant waived right to new trial under Rule 63 because he failed to object to the procedure that the successor judge employed; a litigant "has no right to sit back and await a decision of the case before objecting to the procedure[]") (quoting *Townsend v. Gray Line Bus Co.*, 767

---

[3] Mr. Baker maintains "there is no need to object when the trial court is clearly acting outside the boundaries of the law," citing *Schmunk v. State*, 714 P.2d 724, 743 (Wyo. 1986). There, we said:

> A failure to object constitutes a waiver of whatever error occurred, unless the error rises to the level of plain error. A three-part test has been established for determining whether an error may achieve the status of plain error. First, the record must be clear as to the incident which is alleged as error. Second, the party claiming that the error amounted to plain error must demonstrate that a clear and unequivocal rule of law was violated. Finally, that party must prove that a substantial right has been denied him and as a result he has been materially prejudiced.

*Schmunk*, 714 P.2d at 739 (quoting *Bradley v. State*, 635 P.2d 1161, 1163–64 (Wyo. 1981)). Mr. Baker offers no cogent argument and cites to no authority that would assist the Court in a plain error analysis. *See Evans v. Sharpe*, 2023 WY 55, ¶ 44, 530 P.3d 298, 313 (Wyo. 2023). We decline to address Mr. Baker's claim. *See Mitchell v. Rust*, 2023 WY 47, ¶ 19, 529 P.3d 1062, 1068 (Wyo. 2023), *reh'g denied* (June 20, 2023).

F.2d 11, 18 (1st Cir. 1985)); *Milbrew, Inc. v. Commissioner*, 710 F.2d 1302, 1308 (7th Cir. 1983) (concluding that litigant waived right to object to successor judge deciding case on the existing record by agreeing to reassignment).

*In re Lang*, 293 B.R. 501, 513 (B.A.P. 10th Cir. 2003). Mr. Baker waived his right to appeal the propriety of the district court's procedure.

## *CONCLUSION*

[¶20] We affirm the district court's judgment.