# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 27A

OCTOBER TERM, A.D. 2023

March 26, 2024

BRUCE B. WILLIAMS,

Appellant
(Defendant),

v.

SHAY LUNDVALL, in his capacity as Mayor
of the City of Gillette, Wyoming,

Appellee
(Plaintiff).

S-23-0214

*Appeal from the District Court of Campbell County*
*The Honorable Stuart S. Healy III, Judge*

*Representing Appellant:*
    Bruce B. Williams, *pro se*.

*Representing Appellee:*
    J. Mark Stewart, Davis & Cannon, LLP, Cheyenne, Wyoming.

*Before KAUTZ, BOOMGAARDEN, GRAY, FENN, JJ., and CAMPBELL, D.J.*

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BOOMGAARDEN, Justice.**

[¶1]    Bruce B. Williams, representing himself, appeals the district court's dismissal of his civil rights complaint against the Mayor of the City of Gillette.  We affirm the district court's decision.

### *ISSUE*

[¶2]    While Mr. Williams contests several aspects of the district court's decision, the dispositive issue is whether the Wyoming Governmental Claims Act permits suits alleging civil rights violations to be brought against local governments and elected officials.

### *FACTS*

[¶3]    Mr. Williams filed a complaint alleging the Mayor and other unnamed city officials violated his rights as an atheist by limiting the number of invocations he could give at the start of City Council meetings.  He has given one invocation per year for at least nine years.  At meetings in 2014, 2015 and 2016, some members of the City Council walked out during his invocation.  Mr. Williams asserts that in subsequent years he was denied the opportunity to give more than one invocation per year, but clergy affiliated with religious organizations were invited to give a disproportionate number of invocations.  His complaint also raises concerns related to the Pledge of Allegiance and his ability to discuss his various concerns with the City Council.

[¶4]    Mr. Williams claimed that by denying him the ability to give more invocations or resolve his other concerns, the Mayor and other government officials violated several of his state constitutional rights including religious liberty and the right to peacefully assemble.  He sought damages of $24.25 million and certain injunctive relief.

[¶5]    The Mayor moved to dismiss the complaint for failure to state a claim pursuant to W.R.C.P. 12(b)(6), and in the alternative, for a more definite statement pursuant to W.R.C.P. 12(e).  After a hearing, the district court dismissed the complaint, concluding civil rights claims are not authorized against local government officials by the Wyoming Governmental Claims Act. Mr. Williams timely appeals.

### *STANDARD OF REVIEW*

[¶6]    Our standard of review when reviewing motions to dismiss is de novo. *Mitchell v. Rust*, 2023 WY 47, ¶ 10, 529 P.3d 1062, 1066 (Wyo. 2023) (citations omitted).  We examine the same materials and apply the same standards as the district court, accepting the facts alleged in the complaint as true and viewing them in the light most favorable to the non-moving party. *Id.*  "[D]ismissal is appropriate only if it is certain on the face of the complaint that the plaintiff cannot assert any facts that create entitlement to relief." *Id.*

1

## DISCUSSION

[¶7] Wyoming's Constitution provides that the State of Wyoming is immune from suit except for suits authorized by the legislature. Wyo. Const. art.1, § 8 ("Suits may be brought against the state in such a manner and in such courts as the Legislature may by law direct."). That means "no suit can be maintained against the State until the legislature makes provision for such filing; and, that absent such consent, no suit or claim could be made against the State." *Worthington v. State*, 598 P.2d 796, 801 (Wyo. 1979).

[¶8] For almost a century after our state constitution was ratified, courts and the legislature wrestled with the immunities afforded to the State, its agencies, and local governments until, in 1979, the legislature enacted the Wyoming Governmental Claims Act (WGCA).[1] *Id.* at 800–05 (discussing the long history of sovereign and governmental immunities in Wyoming's Constitution and case law, other state constitutions, and subsequent legislative responses). The WGCA explicitly authorizes certain categories of suit to be brought against the State, including its subdivisions, officials, and employees. Wyo. Stat. Ann. §§ 1-39-101 to -121 (2023); *Campbell Cnty. Mem. Hosp. v. Pfeifle*, 2014 WY 3, ¶¶ 18–19, 317 P.3d 573, 578 (Wyo. 2014).

> The Wyoming Legislature's purpose in enacting the WGCA is clear. The legislature sought to retain the common law principle that a governmental entity is generally immune from lawsuits, while acknowledging that fairness requires authorizing lawsuits against a governmental entity in **certain statutorily defined situations**. The legislature therefore created specific statutory exceptions to the general rule of sovereign immunity.

*Id.* (emphasis added).

[¶9] The WGCA applies to "local government," inclusive of cities, and "public employees," including elected or appointed officials, Wyo. Stat. Ann. § 1-39-103(a)(ii), (iv)(A). Mr. Williams seeks to recover against the Mayor of the City of Gillette and other unnamed city officials. As the party seeking to recover from a governmental entity, Mr. Williams must establish the conduct he complains of fits into a specific WGCA exception.

[¶10] This burden is fundamental at the pleading stage of litigation because the WGCA outright bars complaints against the State unless the claims fall within one of the exceptions

---

[1] We have analyzed distinctions between sovereign, governmental, and municipal immunities in past cases. *Worthington*, 598 P.2d at 800–03 (citations omitted). We decline to repeat those distinctions here, having concluded in *Worthington* that the state constitution and the legislature's action, through the WGCA, provide exceptions to those immunities, allowing redress for certain wrongs caused by the government. *Id.* at 800–05.

specified in the Act. *Cornella v. City of Lander*, 2022 WY 9, ¶ 17, 502 P.3d 381, 385 (Wyo. 2022) (citations omitted); *Routh v. State, ex rel. Wyo. Workers' Comp. Div.*, 952 P.2d 1108, 1116 (Wyo. 1998) ("Immunity is the rule and liability has to be established by an exception." (citations omitted)). Mr. Williams pointed to the WGCA in his Complaint. He asserted it would only apply if the officials acted "within the scope of their duties," citing to Wyo. Stat. Ann. § 1-39-104, and that the officials acted outside those duties because their actions were unconstitutional. After reviewing the pleadings, we conclude Mr. Williams asserts claims against the Mayor and other officials while they were acting in their official capacities—while attending City Council meetings as councilmembers and making official decisions such as limiting the number of invocations Mr. Williams could give. The assertion that the conduct was unconstitutional does not remove the defendants from their official roles during the alleged conduct. The WGCA is therefore applicable to this action.[2]

[¶11] The WGCA plainly authorizes contract and tort actions against the government. Wyo. Stat. Ann. §§ 1-39-104 to -112. But the legislature did not authorize citizens to bring civil rights claims against the State or any of its governmental entities, subdivisions, or officials through the WGCA. *May v. Southeast Wyo. Mental Health Ctr.*, 866 P.2d 732, 737 (Wyo. 1993) (holding "civil rights claims, based on the Wyoming Constitution, fail because of no implementing legislation" (citing *Worthington*, 598 P.2d at 801)). Civil rights claims alleging violation of federal law may be redressed in state and federal courts through a federal statute that predates the WGCA and our state's constitution—42 U.S.C. § 1983, enacted in 1871.[3] *Wyo. Guardianship Corp. v. Wyo. State Hosp.*, 2018 WY 114, ¶ 14, 428 P.3d 424, 431 (Wyo. 2018) ("Aggrieved persons have a private cause of action under 42 U.S.C. § 1983 for 'the deprivation of any rights, privileges, or immunities secured by the Constitution' by a person acting under color of state law. This Court has concurrent jurisdiction with the federal courts over 42 U.S.C. § 1983 actions." (citations omitted)). Mr. Williams recognized § 1983 as a vehicle for relief in his appellate briefing, but he did not seek relief through that statute in his complaint.

[¶12] "There is no more basic requirement than that a complaint must state a cause of action." *Dewey v. Dewey*, 2001 WY 107, ¶ 17, 33 P.3d 1143, 1147–48 (Wyo. 2001) (quoting *Apodaca v. Ommen*, 807 P.2d 939, 943 (Wyo. 1991)). Mr. Williams asserts direct constitutional claims against the Mayor and city officials. Because the WGCA does not permit these claims against elected officials, the district court did not err in dismissing Mr. Williams's complaint for failing to state a viable cause of action.

---

[2] Mr. Williams did not address the procedural prerequisite to file a notice of claim or the two-year statute of limitations imposed by the WGCA. *See* Wyo. Stat. Ann. § 1-39-113.

[3] Our original opinion erroneously stated § 1983 applied to state constitutional violations. *See D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) ("[Section] 1983 affords a remedy for violations of federal law and does not 'provide a basis for redressing violations of state law'") (quoting *Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1209 (10th Cir. 1988)).

[¶13]   We acknowledge Mr. Williams's efforts to convince us to allow his complaint to proceed.  However, "[t]he decision of whether to waive immunity for a governmental entity 'belongs to the Wyoming Legislature, not this Court.'"  *Wyoming State Hosp. v. Romine*, 2021 WY 47, ¶ 27, 483 P.3d 840, 847 (Wyo. 2021) (citing *Campbell Cnty. Mem'l Hosp.*, 2014 WY 3, ¶ 29, 317 P.3d at 580).  The WGCA does not afford Mr. Williams any relief for the constitutional violations he alleges.  Affirmed.